UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT WESTLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-8288** |
| **ALLSTATE INSURANCE COMPANY**<br>**EVALENA WHITE AND EVALENA WHITE**<br>**INSURANCE AGENCY** | **SECTION C** |

### ORDER AND REASONS

Before the Court is a Motion to Remand filed by the plaintiff, Robert Westley ("Westley") (Rec. Doc. 6), in which he claims that defendants Evalena White and Evalena D. White Insurance Agency are properly joined defendants that are citizens/incorporated in Louisiana, and that therefore diversity does not exist.  Allstate Insurance Company ("Allstate") claims that diversity exists under 38 U.S.C. § 1332 because the non-diverse defendants were never served under Federal Rule of Civil Procdure 4 and are thereby not parties in this proceeding to defeat diversity jurisdiction  (Rec. Doc. 7).  The motion is before the Court on the briefs, without oral argument.  Having considered the memoranda of counsel, the record and the applicable law, the Court finds that Westley's Motion to Remand is **DENIED**.

**I.      BACKGROUND**

1

On August 29, 2005, Westley's home and its contents, located at 3816-3818 Cleveland Avenue, New Orleans, Louisiana, were destroyed due to Hurricane Katrina (Rec. Doc. 6). On August 29, 2006, Westley filed a Petition for Damages in the Civil District Court for the Parish of Orleans because Allstate allegedly failed to pay the claimed amount of insurance proceeds under its policy of insurance. In addition, Westley named Evalena White and Evalena White Insurance Agency, Westley's insurance agent and her agency, in his Petition. On September 19, 2006 there is evidence in the record that Allstate received service of process (Rec. Doc. 1-4 p.5). However, the record is void of any documentation that non-diverse defendants, Evalena White and Evalena White Insurance Agency were ever served process. On October 17, 2006, Allstate filed a Notice of Removal claiming that diversity jurisdiction is present in this case. Westley then filed a Motion to Remand on November 17, 2006 claiming that his agent and her agency are properly joined non-diverse defendants defeating diversity jurisdiction (Rec. Doc. 6). Allstate filed an opposition ten days later arguing that Evalena White and her agency were never served under Fed. R. Civ. Pro. 4 and have not made an appearance in this matter. Therefore, Westley's non-diverse defendants are not parties in this proceeding to defeat diversity jurisdiction (Rec. Doc. 7).

## II.     ANALYSIS

Federal Rule of Civil Procedure 4(m) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action

without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The Court takes notice that Westley requested in his state court petition for the non-diverse defendants, Evalena White and Evalena White Insurance Agency to be served (Rec. Doc.1-4 p.4). However, a complete review of the record reveals that no service returns or waivers of service have been filed indicating that service had been made on the named defendants. Therefore, this Court finds Evalena White and Evalena White Insurance Agency are not parties in this proceeding.

### III.  CONCLUSION

This Court finds that because the non-diverse defendants were not served process within 120 days of the filing of the action, they are not parties in this proceeding and cannot defeat diversity jurisdiction. For that reason, this Court finds that diversity jurisdiction exists under 28 U.S.C. § 1332. In accordance with Local Rule 16.2E, this Court will order Westley to show cause as to why his lawsuit should not be dismissed for failure to serve the summons.

For the reasons stated above,

IT IS ORDERED that Westley's Motion to Remand is hereby **DENIED**.

New Orleans, Louisiana, this  6th  day of February, 2007.

HELEN G. BERRIGAN

UNITED STATES DISTRICT JUDGE

3